IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TRACEY K.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:21-cv-687–HEH |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**
(Adopting Magistrate Judge's Report and Recommendation)

This is an action challenging the Social Security Administration's ("SSA" or "Commissioner") denial of Disability Insurance Benefits ("DIB") to Plaintiff. The matter is presently before the Court on the Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Mark R. Colombell, United States Magistrate Judge ("Magistrate Judge") on January 26, 2023. (ECF No. 20.) The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment (ECF Nos. 18, 19) and recommended the Court affirm the SSA's decision. (*Id.* at 2.) Plaintiff has filed an Objection to the R&R (Pl.'s Obj., ECF No. 21), and Commissioner has responded thereto (Def.'s Resp., ECF No. 22). The Court will dispense with oral

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. *See* E.D. Va. Local Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The case here involves Plaintiff's application for Social Security DIB under the Social Security Act (the "Act"). In Plaintiff's application, she alleged disability from obesity, hypertension, neuropathy, Compartment syndrome, back pain, depression, and post-traumatic stress disorder ("PTSD"). (R. at 146.) The SSA denied Plaintiff's claim, both initially and upon reconsideration. (R. at 145, 165.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on July 6, 2017. (R. at 83–133, 214.) On December 6, 2017, the ALJ issued a written opinion, finding that Plaintiff was not disabled under the Act. (R. at 169–79.) The Appeals Council remanded the case to the ALJ for further proceedings, and Plaintiff attended and testified at a subsequent hearing on April 29, 2019. (R. at 8–60, 180–83.) On August 19, 2019, the ALJ issued another written decision finding that Plaintiff is not disabled, and the Appeals

Council denied Plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. (R. at 1–3, 187–98.)

In making their disability determination, the ALJ followed the five-step evaluation process, pursuant to SSA regulations. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The ALJ assessed Plaintiff's medical records and weighed the testimony of Adina Leviton, Ph.D. ("Leviton"), a vocational expert. Ultimately, the ALJ determined that although "Plaintiff could not perform any past relevant work" (R. at 196–97), there were other jobs in significant numbers in the national economy that Plaintiff could perform within the sedentary work category. (R. at 197.)

At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity[2] since her alleged disability onset date of May 8, 2013, through her last insured date, March 31, 2014 (the "relevant period"). (R. at 189.) At step two, the ALJ found that Plaintiff had the following severe impairments: (1) major joint dysfunction; (2) obesity; (3) "affective disorders (diagnosed as depression and/or [PTSD]"; and (4) anxiety. (R. at 189–90.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations. (R. at 190); *see* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

---

[2] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history. 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), *see* 20 C.F.R. § 40.1520(a)(4), (e); 20 C.F.R. § 404.1545(a), which was used during the remaining steps of the evaluation process. The ALJ determined that Plaintiff retained the ability to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) but with the following limitations:

> [Plaintiff] cannot operate foot controls with the right foot; she can occasionally climb stairs or ramps but never ladders, ropes, or scaffolds; she can occasionally balance or stoop but never kneel, crouch, or crawl; she cannot tolerate exposure to hazards (such as unprotected heights or moving machinery); she requires a cane to ambulate; she can concentrate on work-related tasks for periods of two hours before requiring a break; and she can have occasional interaction with supervisors, coworkers, and the public.

(R. at 191–92.)

The ALJ considered "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (R. at 192.) At step four, based on the ALJ's residual functional capacity findings, the ALJ decided that Plaintiff was incapable of performing past relevant work as it was actually and generally performed in the national economy. (R. at 196–97.)

At step five, the ALJ found that there were other jobs in significant numbers in the national economy that Plaintiff could perform within the sedentary work category. (R. at 197.) In making this determination, the ALJ considered Leviton's testimony, who testified that given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the occupations of addressor, order clerk, and charge account clerk. (R. 197–98.) Therefore, after assessing Plaintiff's residual functional capacity and the testimony of the vocational expert, the ALJ concluded that Plaintiff was

4

not disabled under the Act during the relevant period. (R. at 198.)

Plaintiff asserted that two issues in the ALJ's determination warranted remand. (Pl.'s Mem. in Supp. at 4–5, ECF No. 18.) Plaintiff first contended that the ALJ erred by "not allowing" counsel for Plaintiff to question the vocational expert regarding "vocational information outside of the Dictionary of Occupational Titles [("DOT")]." (*Id.*) Second, Plaintiff argued that substantial evidence did not support the ALJ's findings, and that the ALJ failed to "employ[] the correct legal standard in reaching [her] decision." (*Id.* at 5.)

The Magistrate Judge carefully examined the ALJ's determination and the evidence and rationale that supported her conclusions. The Magistrate Judge found that "neither the regulations nor courts within the Fourth Circuit [of the United States Courts of Appeals] require the ALJ to identify and discuss conflicts between [the Department of Labor Occupational Information Network ("O*Net")] and DOT." (R&R at 13.) The Magistrate Judge additionally stated that because courts within the Fourth Circuit have consistently "rejected claimants' reliance on O*Net as the basis for conflict between a vocational expert's testimony and the DOT," Plaintiff must offer other evidence of conflict. (*Id.* at 14.) Because Plaintiff did not provide other evidence, there was no inconsistency to resolve, and the ALJ made no error in that regard. (*Id.*)

The Magistrate Judge also addressed Plaintiff's second argument and found that the ALJ properly weighed the medical opinion evidence in accordance with the governing regulations. (*Id.* at 19.) The Court concluded that the ALJ "explained why she gave little weight to Dr. Smith's March 2014 functional assessment on the basis that it

5

was 'contradicted by [Plaintiff]'s treatment history and [was] internally inconsistent.'" (*Id.* (quoting R. at 194).) As such, the Magistrate Judge held that the ALJ built a logical bridge from the evidence to her conclusion in her discussion of the medical and non-medical evidence, Plaintiff's alleged symptoms, and the medical record opinions. (*Id.* at 23.)

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing.").

On February 8, 2023, Plaintiff filed her Objections to the R&R and argued that: (1) "[t]he R&R fails to address the fact that the ALJ did not allow into the record vocational evidence that was clearly relevant to the issues in this case," and (2) "[t]he R&R fails to address the ALJ's failure to build an accurate and logical bridge from the evidence to her conclusions." (Pl.'s Obj. at 1–2.) In his response, the Commissioner maintains that the Magistrate Judge thoroughly addressed whether the ALJ improperly omitted relevant vocational evidence from the record, and whether the R&R's decision should be affirmed. (Def.'s Resp. at 3.) The Commissioner also argues that the Magistrate Judge appropriately addressed Plaintiff's second argument by noting that "'the ALJ provided a narrative discussion explaining her conclusions'" and cited ample

6

evidence regarding Plaintiff's ability to work and her relevant symptoms. (*Id.* at 5 (quoting R&R at 23).)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (first alteration added) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard and having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's R&R, this Court finds that there is substantial evidence in the record to support the ALJ's finding of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objections will be overruled.

This Court agrees that the ALJ acted properly by not allowing into the record evidence sought through the cross-examination of the vocational expert regarding current vocational information contained in the O*Net. As the Magistrate Judge correctly pointed out, based on SSR 00-4p, 2000 WL 1898704, at *2–3 (stating the DOT as the primary source for making disability determinations), the ALJ is not required to identify or discuss conflicts between the O*Net and the DOT. (R&R at 13.) Additionally, courts within the Fourth Circuit have consistently rejected that claimants may rely on O*Net as the basis for a conflict between a vocational expert's testimony and the DOT. (*Id.* at 13 n.10 (collecting cases).) While Plaintiff may disagree and argue that "O*Net is relevant vocational evidence even if not dispositive of any issue before the agency" (Pl.'s Obj. at 1), that argument does not change the fact that the ALJ had no affirmative duty to resolve that conflict. The ALJ correctly chose to limit the scope of cross examination to the DOT, which was the basis of the expert's analysis. Accordingly, Plaintiff must offer other evidence of a conflict between the vocational expert's testimony and the DOT, which she has not provided. Thus, this Court finds the ALJ made no error in omitting the evidence, and Plaintiff's First Objection is overruled.

As to Plaintiff's Second Objection, this Court finds that the ALJ properly met the

8

requirements of SSR 96-8p, 1996 WL 374184 (hereinafter "SSR 96-8p"). When determining the claimant's residual functional capacity, SSR 96-8p directs the ALJ to consider a claimant's ability to meet physical, mental, sensory, and other work requirements. 20 C.F.R. § 404.1545(a)(4). SSR 96-8p expressly requires the ALJ to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, at *7; *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (explaining the ALJ must explain and link medical evidence listed in the decision to her conclusions). The ALJ is instructed to perform certain tasks such as cite specific medical facts and non-medical evidence supporting her conclusion; discuss the claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis; describe the maximum amount of each work-related activity the claimant can perform; and explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. *Id.*

The Magistrate Judge noted that the ALJ considered the medical opinion evidence from Plaintiff's Neurologist, Thomas Smith, M.D. ("Dr. Smith"); Plaintiff's psychiatric nurse practitioner, Paula Allocca, Ph.D. ("Dr. Allocca"); and Plaintiff's social worker, Laurie Klatt, LCSW ("Ms. Klatt"). (R&R at 17.) The ALJ also considered Plaintiff's subjective complaints, including her testimony and answers to a function report. (R. at 195–96.)

This Court agrees that the ALJ gave a detailed account of Plaintiff's medical history and explicitly acknowledged Plaintiff's testimony about her impairments,

9

including the extent to which she can perform certain activities. As the Magistrate Judge pointed out:

> [T]he ALJ: (1) thoroughly evaluated the longitudinal medical evidence regarding Plaintiff's leg pain, anxiety, and depression during the relevant period; (2) explained how Plaintiff's leg pain and mobility improved after surgery, physical therapy, and medication; and (3) included in her assessment a summary of Plaintiff's progress, noting how Plaintiff could "mostly dress herself" in June 2013, but required a walker to ambulate through late August 2013.

(R&R at 19.) Additionally, the ALJ also properly weighed the medical opinion evidence provided in accordance with the governing regulations. The ALJ explained that she gave little weight to Dr. Smith's March 2014 functional assessment because Dr. Smith's report was internally inconsistent because he opined that Plaintiff was unlimited in her ability to reach, handle, finger, or feel, but then proceeded to restrict her to being able to perform these functions only "frequently."[3] (R. at 194.)

The ALJ also attached "significant weight" to the joint statements submitted by Dr. Allocca and Ms. Klatt because it was "broadly consistent with [Plaintiff]'s mental health treatment history" during the relevant period. (R. at 195.) The ALJ noted that they assessed Plaintiff with "slight" limitations in her ability to follow instructions; make simple work-related judgments, and work with supervisors and coworkers; "moderate" limitations in responding to workplace stressors and changes in the work setting; and no limitations in working with the public. (R. at 195 (citing R. at 1640–41).)

While the ALJ may have not explicitly addressed every consideration in the way

---

[3] The form completed by Dr. Smith defines "frequently" as "occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous)." (R. at 1871.)

10

Plaintiff hoped, it is clear she addressed the extent to which Plaintiff's impairments and symptoms limited her ability to work. The standard is that when the ALJ's decision addresses conflicting evidence in the record, the ALJ's detailed account must be sufficient, such that the reviewing court can adequately determine how the ALJ came to her conclusion. *See Ladda v. Berryhill*, 749 F. App'x 166, 172 (4th Cir. 2018). In light of this standard and the previously mentioned evidence, this Court finds that the ALJ provided adequate narrative discussion that enabled meaningful review and built "an accurate and logical bridge from the evidence to [her] conclusion." *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

This Court finds that the ALJ followed the five-step evaluation process, pursuant to SSA regulations, properly prevented questioning of the vocational expert regarding information contained in O*Net, and built an accurate and logical bridge from the evidence to her final conclusions. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. For these reasons, the Court will accept and adopt the Magistrate Judge's R&R (ECF No. 20). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 18) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 19) will be granted. The Commissioner's decision will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 7, 2023
Richmond, Virginia